**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

MARK WHITE, et al.,

Plaintiffs,

vs.

NBS DEFAULT SERVICES, LLC, et al.,

Defendants.

_______________________________/

No. 2:18-CV-1759-TLN-CMK

FINDINGS AND RECOMMENDATIONS

Plaintiffs, who are proceeding pro se, bring this civil action, which was originally filed in the Siskiyou County Superior Court and removed based on diversity. Pending before the court are the following motions: (1) motion to dismiss filed by defendant FV-I, Inc. (Doc. 10); (2) motion to dismiss filed by defendant Abstrax, LLC (Doc. 13); and (3) motion to dismiss filed by defendant Caliber Home Loans, Inc. (Docs. 18 and 22).[1] Plaintiffs have filed separate but nearly identical oppositions to defendants' motions (Docs. 32, 33, and 34). The parties appeared

[1] Defendants NBS Default Services, LLC, and Affinia Default Services, LLC, filed a joinder to the motion filed by defendant FV-I, Inc. (Doc. 15). Remaining defendant Mortgage Electronic Registration Systems, Inc., has filed an answer to the complaint (Doc. 21).

for a hearing before the undersigned on August 15, 2018, in Redding, California. Plaintiffs appeared pro se. Lindsey Elizabeth Kress, Esq., appeared for defendant FV-I, Inc. Haley Marie Rogerson, Esq., appeared for defendant Abstrax, LLC. Thomas N. Abbott, Esq., appeared for defendant Caliber Home Loans, Inc. Nabeel Muzaffer Zuberi, Esq., appeared for defendants NBS Default Services, LLC, and Affinia Default Services, LLC.

## I. PLAINTIFFS' ALLEGATIONS

Plaintiffs allege that they are the proper title holders to real property located in Montague, California. See Doc. 1, Exhibit 1 (plaintiffs' complaint), p. 1. According to plaintiffs, they financed a loan on the subject property through Home Funds Direct and executed a promissory note in favor of Home Funds Direct, with the note secured by a deed of trust naming Home Funds Direct as beneficiary. See id. at pp. 2-3. Plaintiffs state that, thereafter, the following occurred:

> May 26, 2006 – Home Funds Direct sold its interest in the note to Fannie Mae, at which time Fannie Mae became the trustee of the deed of trust.
>
> March 21, 2012 – Home Funds Direct purported to transfer its interests to HSBC Mortgage Services, Inc. ("HSBC"), with Mortgage Electronic Registration Systems, Inc. ("MERS") serving as Home Funds Direct's nominee. A notice of this transaction was filed in the Siskiyou County Recorder's Office on March 23, 2012.
>
> July 29, 2013 – HSBC purported to transfer its interests to U.S. Bank Trust, N.A., as trustee for Volt Asset Holdings Trust. A notice of this transaction was filed in the Siskiyou County Recorder's Office on August 12, 2013.
>
> October 16, 2015 – U.S. Bank Trust, N.A., as trustee for Volt Asset Holdings Trust, purported to transfer its interests to defendant FV-I, Inc., as trustee for Morgan Stanley Mortgage Capital Holding, LLC. A notice of this transaction was filed in the Siskiyou County Recorder's Office on May 4, 2016.
>
> July 17, 2017 – Defendant FV-I, Inc., as trustee for Morgan Stanley Mortgage Capital Holding, LLC, purported to transfer its interests to WV 2017-1 Grantor Trust. A notice of this transaction was filed in the Siskiyou County Recorder's Office on September 20, 2017.

> October 3, 2017 – WV- 2017-1 Grantor Trust, through defendant Abstrax, LLC, purported to transfer its interests to Cascade Funding, LP, Series 1. A notice of this transaction was filed in the Siskiyou County Recorder's Office on January 9, 2018.
>
> October 3, 2017 – Cascade Funding LP, Series, through defendant Abstrax, LLC, purported to transfer its interests to Cascade Funding Mortgage Trust 2017-1. A notice of this transaction was filed in the Siskiyou County Recorder's Office on January 9, 2018.
>
> See id. at pp. 3-4.

Plaintiffs allege that no "Substitution of Trustees" was ever executed or filed in the public record relating to the subject property and that the trustee of the deed of trust remains Fannie Mae. See id. at p. 4.

Plaintiffs state that a "Notice of Default and Election to Sell" was signed on October 30, 2017, with defendant NBS Default Services, LLC, listed as the trustee. See id. The notice was filed in the Siskiyou County Recorder's Office on November 1, 2017. See id. According to plaintiffs:

> Based upon information and belief, there was no assignment of the Note with the Deed of Trust, none of the Foreclosing Defendants are the holder of the Note in due course, and none of the Foreclosing Defendants were assigned the Note by Fannie Mae, the proper Trustee. Accordingly, none of the Foreclosing Defendants were ever entitled to enforce the Note.
>
> See id.

Plaintiffs further contend:

> Based upon information and belief, at no time did Fannie Mae know, in fact, who the actual beneficiary of the Deed of Trust was. Further, Plaintiffs are informed and believe that the actual beneficiary of the Deed of Trust NEVER provided a declaration to NBS Default Services, LLC, stating that Plaintiffs were in default under the terms of the Deed of Trust and, accordingly, the recording of the Notice of Default and any subsequent documents relating to a non-judicial foreclosure were recorded in violation of California Civil Code section 2924(a)(1)(C).
>
> See id. at p. 5.

/ / /

/ / /

Plaintiffs allege the following nine causes of action: (1) Negligence; (2) Fraud; (3) Cancellation of a Voidable Contract; (4) To Void or Cancel Assignment of Deed of Trust; (5) Breach of Implied Covenant of Good Faith and Fair Dealing; (6) Violation of California Business and Professions Code Sections 17200, et seq.; (7) Quiet Title; (8) Slander of Title; and (9) Wrongful Foreclosure. See id. at pp. 5-15.

## II. STANDARD FOR MOTION TO DISMISS

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## III. DISCUSSION

In its motion to dismiss, defendant FV-I, Inc., argues: (1) plaintiffs' complaint fails to state a claim against it because plaintiffs do not allege any actions, let alone wrongful ones, taken by FV-I, Inc.; (2) California law precludes preemptive judicial challenges to non-judicial foreclosures; (3) plaintiffs may not challenge the assignment of the loan or deed of trust; (4) plaintiffs' first cause of action for negligence fails because it does not owe any duties to plaintiffs; (5) plaintiffs' second cause of action for fraud fails because it is not pleaded with

sufficient specificity; (6) plaintiffs third, fourth, seventh, and ninth causes of action fail because plaintiffs have not alleged that they have tendered the amount owed under the deed of trust; (7) plaintiffs' third cause of action against defendant MERS is foreclosed by California cases; (8) plaintiffs' third and fourth causes of action fail because requests to cancel or void an instrument are dependent on a substantive basis for liability and none exists in this case; (9) plaintiffs' fifth cause of action fails because plaintiffs do not allege facts relating to a contract purportedly breached by defendant; (10) plaintiffs' sixth cause of action fails because plaintiffs do not allege the existence of unlawful, unfair, or fraudulent business practices on the part of defendant; and (11) plaintiffs' eighth cause of action for slander of title based on recording of transactions fails because such conduct is a privileged act upon which no tort claim may be based. Defendants NBS Default Services, LLC, and Affinia Default Services, LLC, join these arguments.

In its motion to dismiss, defendant Abstrax, LLC, argues that plaintiffs' complaint fails to state a claim against it because plaintiffs do not allege any actions taken by Abstrax, LLC, nor can they because plaintiffs' claims relate to former and current lenders and loan services and Abstrax, LLC, "merely executed the Assignments under power of attorney for WV 2017 Grantors Trust and Cascade." According to defendant Abstrax, LLC, it does not currently, nor has it ever, held an ownership interest in the loan or deed of trust.

In its motion to dismiss, defendant Caliber Home Loans, Inc., argues that the complaint fails to comply with Federal Rule of Civil Procedure 8 because blanket references to "defendants" fail to provide it with fair notice of plaintiffs' specific claims against Caliber Home Loans, Inc. Defendant Caliber Home Loans, Inc., also argues, as does defendant FV-I, Inc., that none of the nine causes of action alleged by plaintiffs states a claim upon which relief can be granted.

/ / /

/ / /

**A. Compliance with Rule 8**

Defendants argue generally that plaintiffs' complaint does not comply with Federal Rule of Civil Procedure 8 because it contains blanket references to "defendants" which do not put any particular defendant on notice of the specific factual bases of the claims against them. The court agrees. With the exception of the third cause of action, which specifically references defendant MERS, each of the other eight causes of action refers to "defendants" collectively. This pleading method fails to set forth facts sufficient to allow the court to even reasonably infer that any particular named defendant is liable. See Twombly, 550 U.S. at 570.

**B. Preemptive Challenge to Non-Judicial Foreclosure**

Defendants argue that plaintiffs may not maintain a preemptive judicial action challenging a non-judicial foreclosure. The court agrees. It is undisputed based on the facts alleged in the complaint that the foreclosure action contemplated in this case is non-judicial. Plaintiffs admit as much in their oppositions to defendants' motions to dismiss. It is also undisputed that no foreclosure has yet occurred. Therefore, this action is a non-justiciable preemptive challenge. See Wasjutin v. Bank ov America, N.A., ___ Fed. Appx. ___, 2018 WL 191894, *2 (9th Cir. 2018); see also Saterbak v. JP Morgan Chase Bank, N.A., 245 Cal.App.4th 808, 815 (2016); Miller v. Bank of America, N.A., 718 Fed. Appx. 582, 583 (9th Cir. 2018) (holding that a borrower lacks standing to bring a pre-foreclosure action for wrongful foreclosure based on an alleged defect in the assignment of deed of trust).

Because no foreclosure sale has occurred in this case, plaintiffs' entire action is premature and should be dismissed for this reason alone. This defect is not subject to cure by amendment.

/ / /

/ / /

/ / /

/ / /

**C. Standing to Challenge Assignments**

Defendants argue that plaintiffs lack standing to challenge the assignments of the loan and/or deed of trust alleged in the complaint. The court agrees. First, under California law, there is no obligation on the part of a foreclosing party to "produce the note" or otherwise prove it holds the note before a non-judicial foreclosure. See Jenkins v. JP Morgan Chase Bank, N.A., 216 Cal.App.4th 497, 512 (2013). Nor is a foreclosing party required to prove a chain of ownership. See Gomes v. Countrywide Home Loans, Inc., 192 Cal.App.4th 1149, 1155 (2011). Second, plaintiffs cannot challenge the alleged assignments because they are not parties to the agreements involved. See Gantman v. United Pac. Ins. Co., 232 Cal.App.3d 1560, 1566 (1991). Here, plaintiffs do not allege that they are parties to the assignments set forth in the complaint.

Plaintiffs' entire action should be dismissed because it is entirely premised on assignments they have no standing to challenge. This defect is also not subject to cure by amendment.

**D. Plaintiffs' Nine Causes of Action**

In addition to the arguments discussed above which are dispositive of the entire action, defendants raise a number of arguments specific to each of plaintiffs' nine alleged causes of action.

1. First Cause of Action

To state a claim for negligence, plaintiffs must plead facts establishing duty, breach, causation, and damages. See Mendoza v. City of Los Angeles, 66 Cal.App.4th 1333, 1339 (1998); Martinez v. Flagstar Bank, FSB, 2016 WL 3906810, at *6 (E.D. Cal. July 19, 2016). Absent a duty of care, there can be no cause of action for negligence. See Nichols v. Keller, 15 Cal.App.4th 1672, 1683 (1993). Under California law, there is no duty of care owed to a borrower when an institution's involvement in a loan transaction does not exceed its conventional role as lender of money. See Nymark v. Heard Fed. Sav. & Loan Ass'n, 231 Cal.App.3d 1089, 1096 (1991). While there is a split of authority among California courts as to

whether a loan service who agrees to a loan modification owes the borrower a narrow duty of care, compare Leuras v. BAC Home Loans Servicing, LP, 221 Cal.App.4th 49 (2013), and Alvarez v. BAC Home Loans Servicing, LP, 228 Cal.App.4th 941 (2014), plaintiffs in this case do not allege that any defendant ever agreed to a loan modification.

Defendants argue that plaintiffs cannot state a claim for negligence because California law does not impose a duty of care. Based on the authorities cited above, the court agrees. As a matter of law, plaintiffs fail to state a claim for negligence.

2. Second Cause of Action

To plead a claim for fraud, a party must state with particularity the facts constituting the alleged fraud. See Fed. R. Civ. P. 9(b); see also Lancaster Cmty. Hosp. v Antelope Valley Hosp. Dist., 940 F.2d 397 (9th Cir. 1991). Under California law, every element of the cause of action for fraud must be alleged "in full, factually, and specifically. . . ." Wilhelm v. Pray, Price, Williams & Russell, 186 Cal.App.3d 1324, 1311 (1986). Where fraud is alleged against a corporate defendant, as here, the complaint must name the persons who made the allegedly fraudulent representations, their authority to speak for the corporation, to whom they spoke, and what was said. See Tarmann v. State Farm Mut. Auto Ins. Co., 2 Cal.App.4th 153, 157 (1991). In a fraud action against multiple defendants, the complaint must identify the role of each defendant. See Moore v. Kayport Package Express, Inc., 885 F.2d 531, 541 (9th Cir. 1989).

The court agrees with defendants that plaintiffs have failed to plead a cause of action for fraud. At no point in the second cause of action do plaintiffs reference any specific defendant. Rather, as discussed above, they refer to "defendants" collectively. This fails to provide the required specificity. Moreover, plaintiffs do not name the corporation representatives alleged to have made fraudulent representations, or what representations were allegedly made. Finally, plaintiff have alleged fraud on the part of multiple defendants, but fail to identify the role of each defendant. Plaintiffs' complaint fails to state a cause of action for fraud against any of the named corporate defendants.

3. Third, Fourth, and Seventh Causes of Action

In the third cause of action, plaintiffs seek cancellation of voidable contracts and in the fourth cause of action, plaintiffs seek cancellation of the various assignments alleged in the complaint. In the seventh cause of action, plaintiffs seek to quiet title. As defendants note, cancellation and quiet title are remedies, not stand-alone claims. See Yazdanpanah v. Sacramento Valley Mortgage Group, 2009 WL 4573381, *6 (N.D. Cal. Dec. 1, 2009); Glue-Fold, Inc. v. Slautterback Corp., 82 Cal.App.4th 1018, 1023 n.3 (2000). For the reasons discussed herein, the court concludes that plaintiffs have not alleged any viable theories of liability to support these remedies.

Additionally, a borrower cannot avoid foreclosure by cancelling various instruments or otherwise seeking to quiet title without an actual tender of the amount owed under the deed of trust. See Nguyen v. Calhoun, 105 Cal.App.4th 428 (2003). In this case, plaintiffs have not alleged an actual tender.

Finally, with respect to the third cause of action specifically against defendant MERS, which plaintiffs allege "operates as a record-keeping database company in which MERS contracts with lenders to track security instruments in return for an annual fee," Doc. 1, Exhibit 1, p. 7, plaintiffs' claim is foreclosed. See Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1041-46 (9th Cir. 2011); accord Lam v. JP Morgan Chase Bank, NA, 605 Fed. Appx. 600, 603 (9th Cir. 2015).

4. Fifth Cause of Action

In the fifth cause of action plaintiffs allege breach of the covenant of good faith and fair dealing. Such a claim rests upon the existence of some specified contractual obligation and protects only express promises made in the contract. See Racine & Laramie, Ltd. v Dep't of Parks and Recreation, 11 Cal.App.4th 1031, 1032 (1992); Chroma Lighting v. GTE Products Corp., 111 F.3d 137 (9th Cir. 1997). In this case, plaintiffs fail to allege the existence of any contacts to which they are parties. Rather, as discussed above, plaintiffs challenge various

assignments to which they were not parties.

5. Sixth Cause of Action

Plaintiffs allege violations of California Business and Professions Code § 17200, et seq. To sustain a cause of action under this statutory authority, the plaintiff must allege an unlawful, unfair, or fraudulent business practice. See Cal. Bus. & Prof. Code § 17204; see also Bernardo v. Planned Parenthood Fed. of America, 115 Cal.App.4th 322 (2004). In this case, plaintiffs have not allege any such business practices on the part of any named defendant.

8. Eighth Cause of Action

Plaintiffs claim slander of title resulting from the filing in the county recorder's office of allegedly improper assignments and/or notices of default. This claim is foreclosed by Cal. Civ. Code § 2924(d)(2), which provides that recording a notice of default or assignment is a privileged act upon which no tort claim may be based. See Kachlon v Markowitz, 168 Cal.App.4th 316, 333 (2008); accord Ogilvie v. Select Portfolio Servicing, 2012 WL 3010986, *3-4 (N.D. Cal. 2012) (dismissing slander of title claim because assignment of deed of trust subject to privilege).

9. Ninth Cause of Action

Plaintiffs allege wrongful foreclosure. That claim is unfounded, however, because no foreclosure has occurred.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## IV. CONCLUSION

Based on the foregoing, the undersigned recommends that defendants' motions to dismiss (Docs. 10, 13, 18, and 22) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 16, 2018

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE